# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| GARY SPERBER, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. 14-1331-EFM-GEB ) |
| MERCY REGIONAL HEALTH CENTER, | ) ) |
| Defendant. | ) ) ) |

## MEMORANDUM AND ORDER

This matter is before the court on Plaintiff's Motion to Compel (**ECF No. 44**). On February 22, 2016, the Court conducted a hearing to discuss the motion and related briefing. Plaintiff Gary Sperber appeared through counsel, Ronald P. Pope and Thomas B. Diehl. Defendant Mercy Regional Health Center, Inc. appeared through counsel, David S. Wooding. Intervenor Plaintiff Matrix Absence Management, Inc. appeared through attorney Kent Collins on behalf of counsel Richard Seaton, but did not otherwise join or respond to Plaintiff's motion or offer arguments at hearing. After consideration of the motion, responsive briefing, and additional arguments from counsel, Plaintiff's Motion is **GRANTED IN PART** for the reasons set forth below.

## Background[1]

Plaintiff Gary Sperber brings this slip-and-fall case against defendant Mercy Regional Health Center, claiming Defendant's negligence caused him to fall in a public stairwell and sustain serious injuries. On October 10, 2012, Plaintiff was an employee of Abbott Vascular and an authorized vendor working in Defendant's heart catheterization laboratory. Shortly after noon, upon completing his work for that day, Plaintiff attempted to use the public stairway to leave the building. As Plaintiff stepped onto the landing, his foot slipped on what was later determined to be either salad dressing or soup, causing him to fall down the flight of stairs. After refusing care from a nurse practitioner who initially discovered him, Plaintiff proceeded to the office of Katie Klaverweiden, interim manager of the cardiac catheterization laboratory. Ms. Klaverweiden notified housekeeping of the apparent spill and escorted Plaintiff to Defendants' emergency department for assessment. After returning to her office, Ms. Klaverweiden completed an incident report to record what she witnessed. After her preparation of the incident report and approximately two hours after Plaintiff's fall, Defendant's legal department was notified.

As a result of the fall, Plaintiff claims to have suffered multiple serious personal injuries and other damages. Plaintiff contends his accident occurred as a result of the negligence of the defendants and their employees and/or agents.

---

[1] Unless otherwise indicated, the facts in this section are taken from the Complaint (ECF No. 1) and from the parties' briefs regarding Plaintiff's Motion to Compel (ECF Nos. 44, 45, 48, 50). This background information should not be construed as judicial findings or factual determinations.

## Plaintiff's Motion to Compel (ECF No. 44)

At issue are several of Plaintiff's First Requests for Production of Documents, served on Defendant on February 4, 2015. The Requests at issue[2] all seek written or recorded statements from witnesses or employee/agents of Defendant concerning Plaintiff's claims. All requests boil down to one document which Plaintiff seeks and Defendant has refused to produce: a document Defendant titled the "Current Summary - Fall Event Report" (hereinafter "Summary"), which contains, but is not limited to, the document created by Ms. Klaverweiden. Defendant objected to production of the document in its discovery responses, stating:

> The documents sought in this request are protected by the risk management and/or peer review privilege. Please see attached privilege log.[3]

The privilege log produced by Defendant describes the withheld document as a single document "prepared pursuant to Health System policy, for peer review and risk management purposes." The log goes on to describe the information contained in the Summary, including the date of the report, personal information of the patient (plaintiff), a description of the event, and follow-up actions. The log states the Summary was prepared by Ms. Klaverweiden and the follow-up actions were prepared by Jennifer Goehring, Assistant Director of Nursing, with additional contributions by Karen Vogt in Defendant's Office of Legal Counsel.

Plaintiff claims, and Defendant does not dispute, the parties have engaged in multiple discussions regarding production of the Summary. The parties' briefing and attached email

---

[2] Pl.'s Req. for Prod. Nos. 2, 3, 5, 7, 8, 10, 18, and 27.
[3] *See* Def.'s Resp. to Pl.'s Req. for Prod., attached as Ex. E. to Pl.'s Mem., ECF No. 45.

exchanges sufficiently demonstrate the pre-motion conference required by Fed. R. Civ. P. 37(a)(1) and D. Kan Rule 37.2.

In its Response (ECF No. 48), Defendant objected to production of the Summary for three primary reasons: 1) timeliness of Plaintiff's motion; 2) attorney work product privilege; and 3) risk management privilege. Each of Defendant's objections is addressed in turn below.

### 1. Timeliness

Defendant objected to Plaintiff's motion, initially, on the basis of timeliness; arguing its discovery responses were served in March 2015 and the 30-day deadline provided in D. Kan. Rule 37.1 for filing of a motion to compel was not met. However, during the hearing, Defendant conceded the parties conferred at length regarding this dispute, and waived its objection. Therefore, the Court finds Defendant's timeliness objection moot.

### 2. Attorney Work Product

Defendant argues counsel became involved only two hours after Plaintiff's fall and the Summary was not created until the following day. It claims the document was created under the direction of counsel, constitutes attorney work product, and must be protected from disclosure. In diversity cases such as this, the analysis of work product protection is governed by the federal standard outlined in Fed. R. Civ. P. 26(b)(3).[4] For Defendant to establish work product protection, it must demonstrate "(1) the materials sought to be protected are documents or tangible things; (2) they were prepared in anticipation of

---

[4] *Kannaday v. Ball*, 292 F.R.D. 640, 648 (D. Kan. 2013) (citing *Frontier Refining, Inc. v. Gorman-Rupp Co.*, 136 F.3d 695, 702 n.10 (10th Cir. 1998) (internal citations omitted)).

litigation or for trial; and (3) they were prepared by or for a party or a representative of that party."[5] For work product protection to apply, "there must be a real and substantial probability that litigation will occur at the time the documents were created."[6]

Plaintiff contends this objection should be overruled without further analysis because Defendant did not preserve the objection in its discovery responses; therefore the objection has been waived.[7] It is true that Defendant's written responses to the discovery requests did not articulate a work product objection. But in the privilege log provided with Defendant's objection, listed under the column titled "Objection Authority" Defendant cites the Kansas statutes (K.S.A. § 60-226(b)(4) and § 60-426) outlining the state work product protections. Therefore, the Court finds Defendant arguably included work product protection in its list of objections to production of the Summary.

However, the Court need not determine whether the objection was waived, because even if it were not, Defendant has not satisfied its burden to demonstrate the work product protection applies to bar production of the <u>entire</u> Summary. Plaintiff cites the deposition testimony of Ms. Klaverweiden, the hospital employee who created the incident report, which demonstrates she prepared the report immediately after taking Plaintiff to the emergency room, before talking with a risk manager or attorney. Because "materials prepared in the ordinary course of business or for nonlitigation purposes are not protected by

---

[5] *Id*. (citing *Johnson v. Gmeinder*, 191 F.R.D. 638, 643 (D. Kan. 2000) (internal citations omitted)).
[6] *Id*. (citing *U.S. Fire Ins. Co. v. Bunge N. Am., Inc*., 247 F.R.D. 656, 657 (D. Kan. 2007)).
[7] *See Richard v. Sedgwick Cty. Bd. of Comm'rs*, No. 09-1278-MLB, 2013 WL 3467103, at *2 (D. Kan. July 10, 2013) (citing *Pulsecard, Inc. v. Discover Card Servs., Inc*., 168 F.R.D. 295, 302 (D. Kan. 1996)).

work product doctrine,"[8] and the evidence provided to the Court reveals Ms. Klaverweiden prepared her portion of the report in the usual course of business, the incident report itself does not constitute work product and the Summary is not entirely protected from disclosure by the work product privilege.

At hearing, Defendant offered, and the Court accepted, the entire Summary for *in camera* review. In its review, the Court noted one instance on page 9 of the report which includes advice from Karen Vogt, Defendant's in-house counsel, and therefore constitutes attorney-client/work product information. That portion of the Summary is ordered redacted.

Defendant bears the burden to substantiate its claimed privilege by making a "clear showing" and must provide more than "mere assertions."[9] With the exception of the statement reflecting the advice of counsel on page 9, Defendant has provided no evidence by which the Court may evaluate its claim of privilege regarding the remainder of the Summary. Defendant's objection to production of the Summary based on the attorney work product privilege is therefore overruled with the exception of the advice provided by in-house counsel on page 9.

### 3. Risk management privilege

In K.S.A. § 65-4922(g), the Kansas legislature created a privilege for any reports or records obtained by a hospital's risk management program by barring such documents from production in discovery or admissibility in certain legal proceedings. Defendant argues the general principles of this statutory privilege apply to the Summary because the hospital's

---

[8] *Deya v. Hiawatha Hosp. Ass'n*, No. 10–2263–JAR-GLR, 2011 WL 1559422, at *6 (D. Kan. 2011).
[9] Id.

incident investigation policy is in place to protect the "public's general health, safety, and welfare." Therefore, although the Summary was not created specifically for investigation into the actual health care given to Plaintiff, Defendant believes the purposes of a risk management program are applicable in this case to bar discovery of the Summary in its entirety.

But Defendant cites to no case law to support its position, and the statutes and case law specifically contradict its arguments. K.S.A. § 65-4921 provides definitions for the Risk Management statutes found in K.S.A. §§ 65-4922 through 65-4940. Section 65-4921(f) defines a "reportable incident" as "an act *by a health care provider* which: (1) Is or may be below the applicable standard of care and has a reasonable probability of causing injury to a patient; or (2) may be grounds for disciplinary action by the appropriate licensing agency" (emphasis added). The purposes of the Risk Management Act are:

> investigations and reviews of the *conduct of health care providers and facilities for disciplinary purposes*, e.g., the continued licensing of the facility or restrictions that may be placed upon it by its governing authority or by the state. They do not create a broader privilege for documents generated as part of an investigation for a different purpose, i.e., civil litigation . . . .. The fact that the risk manager of the hospital requested the document does not change that. Her duties can extend beyond investigations, pursuant to the cited statutes. But that does not mean that every piece of paper the risk manager requests or possesses becomes a "record" or "report" that thus falls under the protection of the statutes.[10]

Because the Summary was not created for the purpose of reporting an incident related to the treatment provided to Plaintiff, it does not, in its entirety, constitute a "report" as defined by the Risk Management Act.

---

[10] *Deya v. Hiawatha Hosp. Ass'n, Inc.*, No. 10-2263-JAR/GLR, 2011 WL 1559422, at *5 (D. Kan. Apr. 25, 2011).

However, during its in camera review of the Summary, the Court found segments of the Summary which implicate the risk management privilege. The Court orders that those sections on pages 4 and 5 (and repeated on pages 14 and 15) of the Summary are protected and must be redacted. Therefore, Defendant's objection to production based on risk management privilege is overruled, in part, with the exception of the redacted portions of pages 4-5 and 14-15 of the Summary.

### 4. Costs

Plaintiff seeks no related costs, allowed by Fed. R. Civ. P. 37(a)(5), for Defendant's failure to produce the Summary. After review of the parties' briefing and hearing arguments from counsel, the Court finds Defendant's failure to produce the report was substantially justified, and orders no payment of costs.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion to Compel (**ECF No. 44**) is **GRANTED IN PART** as set forth above. Defendant produced the "Fall Event – Current Summary Report" to Plaintiff, with redactions to pages 4-5, 9, and 14-15 at the conclusion of the February 22, 2016 hearing.

**IT IS SO ORDERED**.

Dated at Wichita, Kansas this 24th day of February 2016.

s/ Gwynne E. Birzer  
GWYNNE E. BIRZER  
United States Magistrate Judge